Alexander Berman, J.
The respondent appears specially, by counsel, contesting the jurisdiction of this court on the ground that the petition is fatally defective, in that it is made wholly on information and belief.
The petition charges the respondent with being a juvenile delinquent in that he committed certain acts in violation of the Penal Law as well as of a local municipal ordinance. The petitioner alleges that he is a person authorized to institute such a proceeding under article 7 of the Family Court Act by reason of the fact that he is one who suffered injury as a result of the said illegal acts of the respondent.
A memorandum of law, submitted on behalf of the respondent’s counsel, argues that under the civil and criminal statutes *828 of the State of New York an information which is solely on information and belief is inadequate and insufficient as a matter of law, and that such a petition may not be the basis for the commencement of any proceeding which could possibly deprive a respondent of his liberty.
Section 164 of the Family Court Act states that the provisions of the Civil Practice Act shall apply to proceedings under this act and therefore, aside from all other reasons, it must be presumed that this court is basically a civil court and not a criminal court and that the rules of civil procedure rather than the more stringent rules of criminal procedure should prevail. There is ample authority for pleadings upon information and belief.
“ If a plaintiff has no personal knowledge of the facts required to be pleaded, an averment may be made upon information and belief. [Hammond v. Citizens Nat. Bank, 260 App. Div. 374.] It is unnecessary to state in a pleading the nature and the source of the information upon which the party relies upon making an averment upon information and belief. [Borrowe v. Milbank, 5 Abb. Pr. 28.] ” (3 Carmody-Wait, New York Practice, p. 451.)
‘ ‘ The allegations or denials in a verified pleading must, in form, be stated to be made by the party pleading. Unless they are therein stated to be made upon the information and belief of the party, they must be regarded for all purposes, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading. An allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter, must, for the same purposes, be regarded as an allegation that the person verifying the pleading has not such knowledge or information.” (Civ. Prac. Act, § 276.)
The Legislative Report on the Family Court Act (McKinney’s Sessions Laws, 1962, p. 3430) reflects the intention of the Legislature : ‘ ‘ The Committee concluded that it would be unwise, at this time, to give the Family Court the extensive powers given the criminal courts under the Penal Law of the ¡State of New York. This would also introduce the technical requirements of the Code of Criminal Procedure. In the Committee’s view, while a due process of law should be used in the Family Court, criminal powers and procedures would be inconsistent with the proper development of the Family Court, during its formulative period, as a special agency for the care and protection of the young and the preservation of the family.” (Emphasis supplied.) Further the report stated (pp. 3436-3437): “ The New York Court of Appeals has indicated in People v. Lewis, 260 N. Y. 171,183 N. E. 353, 86 A. L. R. 1001 (1932), that not all of *829 the constitutional requirements of a ‘ criminal trial ’ are necessary to a ‘ civil proceeding ’ involving juvenile delinquency. The practical result is that the Legislature has wide discretion in prescribing the processes of law in this area.”
The Family 'Court of the State of New York was authorized by an amendment to article VI of the Constitution of the State of New York. Section 13 of said article is the authority for the establishment of the court, the election and appointment of Judges and for its jurisdiction. Subdivision b of said section reads as follows: 1 ‘ The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: * * * ”.
Pursuant to this constitutional amendment, the Family Court Act (L. 1962, ch. 686) was adopted and is entitled: “ An act to establish a family court of the state of New York to implement article six of the constitution of the state of New York, approved by the people on the seventh day of November, nineteen hundred sixty-one ”.
Section 214 of the Family Court Act refers to forms of petitions, summons, warrants, etc. The language of said section is as follows: “ § 214. Rules of court may prescribe such forms as may be proper for the efficient and just administration of this act, including forms for petitions, summons, warrants, subpoenas, undertakings, and orders authorized by this act.”
Pursuant to such section, the Administrative Board of the Judicial Conference established such rules of which rule 2.2 provided for official forms of the court to be used uniformly throughout the State.
The petition herein followed the form established by the Judicial Conference. Such form of petition in a juvenile delinquency case contains an allegation which begins: “ (Upon information and belief) ”. It also contains a paragraph which alleges: “As to the allegations herein made upon information and belief, the sources of Petitioner’s information and grounds of belief are the statements and admissions of Respondent, if any, and the statements and depositions of witnesses, if any, now on file with this Court.”
Obviously, the words “ on information and belief ”, being in parenthesis, can be stricken from the petition under the form and the petition can be made upon the direct knowledge of the petitioner.
This brings us to the question as to whether the Legislature intended that a petition in a juvenile delinquency proceeding could be wholly upon information and belief. It would seem to *830 follow that since the Judicial Conference authorized the form and since the authorization was pursuant to a statute (Family Ct. Act, § 214) then it must follow that the law intended that such a petition could be wholly on information and belief and unless such form is otherwise legally insufficient it must be held to be good, valid and sufficient.
It is interesting to note that section 731 of the Family Court Act does not specify the requirements of a petition except that it must allege:
“ (a), the respondent did any act which, if done by an adult, would constitute a crime and specifying the act and the time and place of its commission;
“ (b). the respondent was a person under sixteen years of age at the time of the alleged act; and
“ (c). the respondent requires supervision, treatment, or confinement. ’ ’
Yet, in another part of this law, relating to support proceedings (§ 423), it provides that: “ Proceedings under this article are commenced hy the filing of a petition, ivhich may he made on information and belief ”. None of the other articles of the Family Court Act relating to paternity proceedings, family offenses proceedings or neglect proceedings, etc., state whether the petition may be made on information and belief. Yet, it is a fact that in all of these proceedings the liberty of the respondent is involved, directly or indirectly. Certainly a person’s liberty is involved in a family offense case or a neglect proceeding and obviously it is involved in a support proceeding because if the respondent fails to pay the amount of support ordered by the court, he may be punished for contempt and sentenced to a county jail.
It is possible that in failing to specifically state that a petition in neglect or family offenses or nonsupport proceedings could be on information and belief, it was an oversight on the part of the Legislature, as there are several instances in the Family Court Act where there was an omission to use the same language regarding similar matters in each of the articles. For example, there is a provision in the family offenses section (art. 8) authorizing the court to commit to jail for failure to obey an order of the court including an order of protection (§ 842), whereas in the juvenile delinquency section (art. 7), while there is a provision for an order of protection (§ 759), there is no specific authority to punish for failure to obey the terms of such an order. Some of these inconsistencies and omissions are undoubtedly due to the fact that this law was prepared and acted upon in a very short period of time. With the monu *831 mental task that the legislative committee had in writing this law, to be ready for September 1, 1962, as provided in the Constitution, such minor omissions are readily understandable.
The Family Court is a unique court, completely dissimilar to any other court heretofore existing in the State of New York. It is primarily a social court designed to handle the complex problems of family life. The language of the statute creating the Family Court is simple and devoid of technicalities. It is a law designed to be readily understood by layman and lawyer alike. The court was set up in such a way so that it would best serve the needs of the public without the complexities and entanglements of technical requirements. It is a court to which a layman may come for the purpose of seeking relief without counsel. It is a court where a person may simply and briefly state his problem and where he may be helped; where he may obtain relief without reference to complicated and intricate rules, regulations and statutes. Obviously, that is why the Judicial Conference prepared simple forms which would briefly state the facts and which would be sufficient to bring a problem before the court with a minimum of paper work and red tape.
If this court is to start its existence enmeshed in legal niceties and fine legal maneuvers then its whole purpose might easily be defeated. The real intent of the law will have been lost. There are already in the law books hundreds upon hundreds of decisions and opinions relating to this one fine point as to whether a complaint or an information in a criminal case, based partly or wholly upon information and belief, is adequate. It is possible for any lawyer to find decisions for or against without any difficulty, and in many cases the facts are hardly distinguishable.
This is not to say that the rights of any individual, and certainly a juvenile, should in any way be curtailed nor should he be found to be a juvenile delinquent, except as provided under the Family Court Act, by competent, material and relevant testimony. Law guardians are provided, under this law, to protect a child who requests or requires the services of a lawyer. He must be advised of his right to counsel and even the additional right to remain silent throughout the whole proceeding. He cannot be found to have committed an act of juvenile delinquency except by a preponderance of evidence.
This case does not raise any basic question as to the rights of the alleged juvenile delinquent. It is merely a question as to whether he can be brought to court on the basis of a petition which alleges the jurisdictional facts upon information and belief. Obviously, there is certain jurisdictional matter that *832 must be alleged upon information and belief, viz.: the age of the respondent. A petitioner could hardly be expected to know, of his own knowledge, the date of birth of a respondent. Are the law-enforcement agencies of the county and of the State to be bound and restricted in the enforcement of laws relating to juvenile delinquency so that they must have direct knowledge at the time of the filing of the petition?
Judge Crouch in the ease of People v. Lewis (260 N. Y. 171) thoroughly reviewed and analyzed the rights of children in connection with juvenile delinquency cases under the law known as the Children’s Court Act. The Children’s Court Act is substantially the same as the Family Court Act, with regard to juvenile delinquency, except that in the Family Court Act the rights of children are more specifically spelled out. Basically, the Family Court Act is an extension of the Children’s Court Act in juvenile delinquency cases and the philosophy behind the Family Court Act is substantially the same. In the Children’s Court Act, section 10 makes reference to a petition as follows: “ The parent or custodian of any child, an authorized agency, or any interested person having knowledge or information that a child is abandoned, neglected or delinquent or otherwise within the jurisdiction of the court may institute a proceeding by filing with the court a verified petition * * *
In the old Children’s Court Act there was a provision: “ This act shall be construed to the end that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that as far as practicable they shall be treated not as criminals but as children in need of aid, encouragement and guidance.” (§ 45, subd. 8.)
As Judge Crouch stated (p. 177): “ For the purposes of this case, the fundamental point is that the proceeding was not a criminal one. The State was not seeking to punish a malefactor. It was seeking to salvage a boy who was in danger of becoming one. In words which have been often quoted, 1 the problem for determination by the judge is not, jHas this boy committed a specific wrong, but What is he, how has he become what he is, and what had best be done in his interest and in the interest of the State to save him from a downward career. ’ ”
If the process of this court and the philosophy underlying it is substantially the same, as this court believes it to be, then an alleged delinquent should be amenable to the court’s jurisdiction with a minimum of legal technicalities. After all, the petition has, in these cases, one prime purpose and that is to apprise the child and his parents of the alleged act. If it does *833 this, then it has accomplished its objective. The child, through his parents, or by means of a law guardian appointed by the court, will adequately be able to protect his rights and his freedom will not be placed in jeopardy except in accordance with due process and after a full and legal hearing or trial.
The Family 'Court Act, itself, further provides as an additional protection to the child, as follows: “ § 781. No adjudication under this article may be denominated a conviction, and no person adjudicated a juvenile delinquent or a person in need of supervision under this article shall be denominated a criminal by reason of such adjudication.”
It also provides: “ § 782. No adjudication under this article shall operate as a forfeiture of any right or privilege or disqualify any person from subsequently holding public office or receiving any license granted by public authority.”
If we are concerned with the prevention of juvenile delinquency and if we are sincerely interested in the correction and rehabilitation of children who are alleged to have committed an act of juvenile delinquency, then they must be amenable to the process of the court and regardless of whether the petition is based upon direct knowledge of the petitioner or upon information and belief. Certainly petitions should not be recklessly or maliciously made. If they are so made then the child and his parents would have recourse against the petitioner who, for spite or out of sheer willfulness or malice and in reckless disregard of the rights of a child, causes a petition to be filed against him.
Under all of the circumstances therefore, I hold that the petition here is sufficient to bring this child before the court and I direct the appearance of the child on the 17th day of January, 1963 at 9 o’clock in the forenoon for the purpose of proceeding in this matter in accordance with the provisions of the Family Court Act.