John R. Heilman, J.
This is a motion brought on behalf of the respondent to have dismissed two certain petitions charging said respondent with being a juvenile delinquent. These petitions arise out of the same set of circumstances, one petition charging the respondent with acts which, if done by an adult, would constitute a crime in violation of section 140.05 of the Penal Law of the State of New York; the other charging the respondent with acts which, if done by an adult, would constitute crimes in violation of subdivision 2 of section 145.00 and sections 145.25 and 155.25 of the Penal Law of the State of New, York.
The/motion to dismiss the petitions is grounded in the contention that ‘ ‘ they fail to state a cause of action, and they fail to allege what, if any, section of the Penal Code would have been violated had the respondent been a person over the age of sixteen (16) years; and on the additional ground that the petitions, on the face of them, show that the information of petitioners was based on admissions obtained from the respondent in violation of the Family Court Act of the State of New York, and in violation of respondent’s rights under the fourth, *919 fifth, sixth and fourteenth Amendments of the Constitution of the United States.”
The petitions do state the sections of the Penal Law which would have been violated had the respondent been over the age of 16 years, and this is now conceded by the respondent.
The contention of the respondent that the petitions fail to state “ a cause of action ” is deemed by the court to be a contention that the petitions are insufficient as a matter of law because they are based upon information and belief, unsupported by facts, sources or grounds.
Although the Family Court is not a criminal court in the nature of its operations, certain of its procedures are quasi-criminal in nature, and to that extent the court is bound to protect the constitutional rights of the respondent. (Matter of Gault, 387 U. S. 1; Matter of Gregory W., 19 N Y 2d 55.)
The court, however, is not bound by the strict rules of the Code of Criminal Procedure of the State of New York. (Code Crim. Pro., § 11; Matter of Rust, 53 Misc 2d 51; Matter of Williams, 49 Misc 2d 154; Matter of Rooney, 48 Misc 2d 890; Matter of Anonymous, 37 Misc 2d 827.)
Section 165 of the Family Court Act provides that, where not prescribed in the Family Court Act, methods of procedure prescribed in CPLR shall apply to the extent that they are appropriate. They are not appropriate to the instant question.
Section 731 of the Family Court Act sets forth the allegations necessary in a juvenile delinquency petition. The petitions in the instant cases meet the requirements of that section.
The only questions before this court, therefore, are whether the requirements of sufficiency of an information in a criminal case are applicable to a petition for juvenile delinquency in Family Court, and if so, whether the instant petitions meet these requirements.
By definition, a juvenile delinquent is “ a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime.” (Family Ct. Act, § 712.) To charge an adult with a crime, an information or indictment must comply with statutory requirements. Failure of such compliance warrants dismissal of the criminal charge. No less should be required of a petition charging juvenile delinquency. This can be done without losing the fundamental purpose of Family Court, but still protecting the constitutional rights of the juvenile respondent.
The philosophy and objective of Family Court was set forth at its inception. (See Family Court Act Legislative Report, McKinney’s Sess. Laws, 1962, pp. 3428, 3430.) as pointed out *920 in Matter of Rust (supra., p. 54) ‘1 Since the adoption of the Family Court Act, the practice and procedure in this court has been changed radically to provide ‘ a due process of law ’ for juvenile cases (Family Ct. Act, § 711) ”.
Decisions of high courts of the Nation and State evidence the fluid status of Family Court in the criminal and civil procedures; Matter of Gault approached for juveniles the Miranda standards for adults. The New York State Court of Appeals by a 4-3 decision in Matter of Samuel W. (24 N Y 2d 196 [March 6, 1969]) rejected the standard of criminal law of proof beyond a reasonable doubt in juvenile delinquency fact-finding hearings, holding that a preponderance of the evidence was the proper standard. The Legislature, by the recent enactment of chapter 264 of the Laws of 1969 adding a new article 10 to the Family Court Act, effective June 1,1969, has provided for the initiation of the District Attorney into Family Court matters, requiring that he represent abused children “ during all stages of the proceedings” (§ 1016).
It is the opinion of this court that fair treatment and due process for persons charged with being juvenile delinquents require that the standards for sufficiency of an information in a criminal case should be met by a petition charging juvenile delinquency.
In the instant cases, the petition which alleges that the respondent committed acts which, if done by an adult, would constitute the crime of criminal trespass in the third degree, as defined in section 140.05 of the Penal Law, does not meet these requirements. The petition alleges that the respondent entered the church with two other juveniles at a time when there was no service being held in the church and went to an area in the rear of the main altar. About this time a fire started near the rear of the altar and respondent and her sister left the area and fled from the church. Except for the allegation that the respondent went to the rear of the main altar, this petition does not differ from a petition filed against another juvenile involved in the same incident. The court has dismissed the petition against the other juvenile. The additional information in the instant petition is not material and does not constitute such an additional allegation as to constitute a sufficient and legal petition.
Except for mention of section 140.05 of the Penal Law of the State of New York, the petition does not allege that respondent entered the church unlawfully, nor does it allege that the respondent did anything unlawful in the church, nor that the respondent had any unlawful purpose in entering or remain *921 ing therein. While there may be some validity in entertaining doubt that the respondent was in the church for religious purposes, it is recognized that Catholic churches are generally open to the public at times when services are not actually in progress.
The petition is based upon information and belief, and the source of same is alleged to be the investigation of said officers and “ certain admissions of the respondent” and an attached deposition. The admissions of the respondent are not alone sufficient. The nature of the investigation by the police officers is not amplified by any supporting facts, nor is there any indication as to what part of the investigation each officer participated in and whether all the officers obtained the same information. The deposition does not support the petition or tend to establish the commission of a crime or the guilt of the respondent (Code Crim. Pro. § 149). It alleges only that deponent left the church at a certain time on the date in question and that the church was intact at that time, and that when deponent returned, the church was on fire.
An information must state facts sufficient to charge the respondent with acts which would be a crime if committed by an adult. It must set forth acts of the said crime. The petition here, which is in the nature of an information, does not set forth facts which would bring it within the provisions of section 140.05 of the Penal Law defining criminal trespass in the third degree. An information based solely upon information and belief is insufficient. Pacts must be shown that the complainants have reasonable grounds to believe that a crime has been committed. The petition in the instant case falls far short of this standard. Adequate sources and plausible facts are not set forth. Suspicion is not enough.
The petition which alleges that the respondent committed acts which, if done by an adult, would constitute the crimes of criminal mischief in the third degree (Penal Law, § 145.00, subd. 2), reckless endangerment of property (Penal Law, § 145.25) and petit larceny (Penal Law, § 155.25), contains more factual and legal allegations. These are sufficient to sustain the validity of the petition. The purpose of going to the rear of the altar is alleged to be “ to look for money ”. The theft from a purse of a sum of money ($2) is alleged, and the later sharing between the respondent and another of “ the money which she had stolen from the purse in the church ’ ’ is alleged.
The fact that the church was ultimately totally destroyed by fire, tragic as this circumstance is, has not been taken into consideration by the court in arriving at its decision. There is, of course, no charge of arson in either of the petitions. The *922 consequent disaster, while tending to rouse emotions and to a certain extent inflammatory responses, cannot affect a determination of the legality of the original acts or the petitions based thereon.
The motion of the respondent to dismiss the petition charging acts which, if committed by an adult, would constitute a violation of section 140.05 of the Penal Law of the State of New York is granted and the petition is dismissed.
The motion of the respondent to dismiss the petition charging acts which, if committed by an adult, would constitute violation of sections 145.00, 145.25 and 155.25 of the Penal Law of the State of New York is denied.
Decision is reserved on so much of the motion as seeks dismissal of the petitions on the ground thal the respondent’s Family Court and constitutional rights were violated in obtaining admissions from the respondent, pending a Huntley type hearing in connection with the petition sustained herein by the court.