John H. Pennock, J.
This is a motion for an order severing the claims set forth in the complaint and directing separate *35 trials, and a further order requiring the plaintiffs to serve complaints separately, stating and numbering each cause of action with plain and concise statements therein.
The infant plaintiff claims to have been injured on two separate occasions while a patient in the defendant hospital. The same parties are involved in both actions based upon negligence. The events of each occurrence are separate and distinct, as well as the injuries claimed. The danger and risk of confusion is great when multiple actions of this type are lumped together in the pleadings. For instance here the plaintiffs’ second cause of action at paragraph 18 refers to the first complaint and avers the same facts regarding a lack of a radiator cover, in paragraph 11 at (a), (b) and (c), alleges failure to supervise the infant while in bed. These allegations have no relationship to the second cause of action which is based purely upon lack of supervision. The court feels that it is difficult and hazardous for the defendant to answer the complaint because of the inconsistent allegations. In addition the element of lack of supervision, which may be of a momentary nature in one cause of action, would result in prejudice to the defendant to convince a jury that it had proper supervision in the other claim. In light of the foregoing, it is evident that plaintiffs’ second cause of action, intermingling as it does elements of the first cause of action and containing unrelated allegations, is most confusing and certainly, even if within the comprehension of the court, would not be so to a jury even after a proper charge. Further, there is apparently no claimed relationship or aggravation as to the injuries received.
The third cause of action lumps the derivative action of the father and treats it as one cause of action in its demand for many damages. Just how the jury could make a finding as to each cause of action as to medical expenses, past and future, and deprivation of the society and companionship is impossible to conceive. In the interest of justice, and perhaps particularly in the interest of the infant, the two causes of action shall be pleaded separately and each to have a separate ad damnum clause as well as the two derivative actions. Further, the causes of action based upon unrelated facts, injuries and claims of negligence, should be not only pleaded separately but should be tried separately as the trial of both claims of the infant would create a substantial prejudice to the defendant’s defense of the lawsuits. (CPLR 603.)