Everett E. Schrader, J.
The above juvenile appeared before the Family Court on a petition alleging criminal possession of dangerous drugs in violation of section 220.05 of the Penal Law of the State of New York.
The respondent was arraigned on July 19, 1971, at which time he denied the allegations of the petition and the matter was adjourned to the September Trial Term. The matter came on *81 to be heard for trial on September 3, 1971. At this time, the respondent was represented by counsel who requested an adjournment by reason of the fact he had been recently retained and was not familiar with the facts in the matter. Respondent’s attorney also made a motion, pursuant to section 170.56 of the CPL, requesting an adjournment in contemplation of dismissal.
Said statute became effective September 1, 1971. The statute provides as follows: “ 1. Upon or after arraignment in a local criminal court upon an information, a prosecutor’s information or a misdemeanor complaint, where the sole remaining count or counts charge a violation or violations of section 220.05 of the penal law and the sole dangerous drug involved is marihuana or section 240.36 of the penal law and the sole dangerous drug involved is marihuana and before the entry of a plea of guilty thereto or commencement of a trial thereof, the court, upon motion of a defendant, may order that all proceedings be suspended and the action adjourned in contemplation of dismissal, or upon a finding that adjournment would not be necessary or appropriate and the setting forth in the record of the reasons for such findings, may dismiss in furtherance of justice the accusatory instrument ’ ’.
No mention is made in said statute of its application to a petition filed in the Family Court alleging juvenile delinquency.
The County Attorney opposes said motion on the grounds that the CPL is not applicable to the Family Court. Neither counsel has submitted a brief or memorandum of law. The question of whether the CPL applies to proceedings in the Family Court, in whole or in part, is a continuing problem. In Matter of Gault (387 U. S. 1), the court held that notice of charges, the right to counsel, the right of confrontation, privilege against self incrimination and the right of cross-examination were such rights as were protected by the due process clause of the United .States Constitution. In the Matter of Winship (297 U. S. 358), the court further held that the standard of guilt beyond a reasonable doubt must be applied to juvenile proceedings.
As to adults, the CPL, articles 100 and 200, provides for the form of notice to be given in a criminal proceeding. Article 370 of the CPL provides for the right to counsel at all stages of the proceeding. Article 610 provides for the production of witnesses. All of these rights, as set forth in the CPL, have been held by the United States Supreme Court to be essential to due process in juvenile proceedings. It is apparent, therefore, that the CPL of the State of New York does, at least in part, apply to juvenile proceedings. Those provisions which affect a substantial and basic right and fall within the require *82 ments of due process must be applied to juvenile proceedings. The court, in Matter of Gault (pp. 18-19) stated: “ The absence of procedural rules based upon constitutional principle has not always produced fair, efficient, and effective procedures. Departures from established principles of due process have frequently resulted not in enlightened procedure, but in arbitrariness.” In both the Gault and Winship cases, the Supreme Court referred to the philosophy and purpose of the various statutes with respect to juvenile delinquents and compared them to the statutes governing adults and the rights accorded adults, holding that due process was not inimical to juvenile court proceedings nor the supposed advantages of treatment a substitute for due process.
It seems apparent, from a reading of these cases, that the court will guarantee to juveniles those basic rights demanded by due process and will not approve a waiver or a denial of those rights on the basis of expediency or belief, however well intentioned, that the withholding of such rights is “in the best interests of the child”.
It is interesting to note that in the instant case, the respondent was taken into custody in the company of an adult. The allegations of the petition allege that respondent “ While acting in concert with--, an adult, did have in his possession and under his control seven packets of aluminum foil containing Hashish ’ ’. To deny the juvenile herein the benefits of section 170.56 of the CPL would lead to what would seem to be a ridiculous and patently discriminatory result if the adult could, and it is undisputed that he may, claim the privilege of this section, but that the juvenile alleged to be acting in concert with the same adult is denied that privilege, the only distinguishing fact being that one is over the age of 16 and the other, under said age. To deny a juvenile the benefit of this section would, in the opinion of this court, be a violation of the due process and equal protection clauses of the Constitution since a party charged in a criminal court could be afforded preferential treatment, yet a juvenile in Family Court could not, if the section is held not applicable. In applying the standards of Kent v. United States (383 U. S. 541) and Matter of Gault (387 U. S. 1, supra) in that the juvenile hearing must measure up to the essentials of due process and fair treatment,-this court is of the opinion that the provisions of section 170.56 are applicable to a juvenile proceeding.
The respondent has appeared before this court on three prior occasions. In two instances, the petitions were' dismissed. A third petition is now pending before the court, scheduled for *83 trial. Respondent has never been adjudicated a juvenile delinquent.
The motion is, therefore, granted. The matter is adjourned in contemplation of dismissal and the respondent is placed under the supervision of the Suffolk County Probation Department as provided in subdivision 2 of section 170.56, upon the following terms and conditions:
1. Refrain from the use and/or possession of alcoholic beverages, narcotics or dangerous drugs.
2. Attend school regularly or maintain regular employment.
The Probation Department shall submit to the court a quarterly report of the respondent’s compliance or noncompliance with the above terms and conditions.