Arthur J. Abrams, J.
In this person in need of supervision matter, the petitioner alleges, upon information and belief, that the respondent on different days, cursed her, threw stones at her house and threw cherry bombs on or near her premises. There *488 is no buttressing affidavit or deposition attached to the petition or any statement as to petitioner’s source of information. Respondent orally moved to dismiss the petition on the ground that under either the CPLR or CPL a petition based upon information and belief is defective without there being some showing as to the basis for the petitioner’s allegations. The County Attorney opposed the motion, but, similar to the Law Guardian, failed to submit either a brief or memorandum of law. 22 NYCRR 2501.2 states: “The forms appended hereto and designated ‘ Forms of the Family Court of the State of New York ’ ¡shall be the official forms of the court and shall in substantially the same form as set forth, be uniformly used throughout the ¡State.” Family Court Act Form 7-6 (Petition — Juvenile Delinquent) and Form 7-7 (Petition — Person in Need of Supervision) make provision for the petitions to be verified on either the petitioner’s own knowledge or upon information and belief. Item 9 of Form 7-6 and Item 8 of Form 7-7 read as follows: “ As to the allegations herein made upon information and belief, the sources of Petitioner’s information and grounds of belief are the statements and admissions of Respondent, if any, and the statements and depositions of witnesses, if any, on file with this Court. ’ ’ Further, the verification, itself, simply .states that the petition is true to deponent’s own knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters I (deponent) believe it to be true. It is clear, therefore, that the drafters of the Family Court Act made provision for the filing of petitions upon information and belief and the act, itself, provides for the form and verification of petitions in article 7 proceedings; thus, there is no need to ascertain what is required or permissible under the CPLR and the contention that a petition (complaint) based upon information and belief is defective under the CPLR unless properly buttressed is moot.
There are two leading Family Court decisions which discuss the subject of article 7 petitions being filed upon information and belief. The first, Matter of Anonymous (37 Misc 2d 827) decided December 26, 1962, held that a petition could be. based on information and belief without there being any supporting deposition. In a case decided on May 26, 1969, Matter of Walsh (59 Misc 2d 917) the court held that a petition charging juvenile delinquency should meet the same requirement as to the sufficiency of an information as is, demanded in a criminal casé. Interestingly, this decision (p. 920) makes no allusion to Matter of Anonymous previously cited, but does refer to Matter of *489 Rust (53 Misc 2d 51, 54) “ Since the adoption of the Family Court Act, the practice and procedure in this court has been changed radically to provide * a due process of law ’ for juvenile cases (Family Ct. Act, § 711) ”.
Both Matter of Anonymous and Matter of Walsh involved petitions alleging juvenile delinquency but arrived at diametrically opposite conclusions. It would appear that the determinative factor was the trend of decisional holdings which have required in almost all regards that due process in juvenile matters be similar to that afforded adults in criminal matters. (See Kent v. United States, 383 U. S. 541; Matter of Gault, 387 U. S. 1; Matter of Gregory W., 19 N Y 2d 55.) We believe Matter of Walsh reflects the law presently and that the question before the court herein is whether the information sufficiency requirement set out in Matter of Walsh is applicable to a petition alleging a person in need of supervision.
At the time of the adoption of the Family Court Act it was clear that the Legislature intended to create a distinction between a juvenile delinquent and a person in need of supervision. The commentary to the Family Court Act written by Arthur H. Goldberg and Louis Lauer (McKinney’s Cons. Laws of N. Y., Book 29A, Family Ct. Act, p. XXXI) states that a new category a person in need of supervision has been introduced. Subdivision 1 of the Committee Comments after section 712 of the Family Court Act states, “ The Joint Legislative Committee on Court Reorganization plans to complete the study and submit legislation in 1963.” No legislation of any moment was passed in this regard in 1963 and little of any further consequential legislation was introduced relative to a person in need of supervision subsequent to the adoption of the Family Court Act except for that which permitted placement in institutions euphemistically known as State training schools. Fact-finding hearings with juvenile delinquents and persons in need of supervision in no way differ. Both require evidence that is competent, material and relevant and both require the same quantum of proof i.e., beyond a reasonable doubt, etc. Only with the dis-positional hearing are there differences and even here these are limited in scope, such as a person in need of .supervision respondent can be discharged with the warning or such a respondent cannot be committed to, but must be placed in, a State training school. The Legislature has, thus, verbally created a new category. However, for all practical purposes there are no real distinctions between the judicial processing of a person in need of .supervision and the treatment afforded a juvenile delinquent *490 save for that exercised by the Judge at the dispositional hearing.
The Court of Appeals in People v. James (4 N Y 2d 482), decided June 25, 1958, held that an information founded upon information and belief, without a statement of sources thereof, was legally insufficient, even though used solely as a pleading and not as a basis for issuance of a warrant because defendant submitted to an illegal arrest. In short, the lack of a buttressing statement is and was considered a jurisdictional defect. Certainly, if an alleged adult wrongdoer is entitled to a proper information, can no less be said for an aleged juvenile delinquent? If the response is affirmative, as I believe it must be, does it not logically follow that an alleged person in need of supervision is entitled to no less due process than is an alleged juvenile delinquent?
To summarize, while the court is most loath to become more rather than less technical, unless and until the Legislature adopts a meaningful distinction between the various classes of problem juveniles (changes in philosophy, procedure and treatment), we do not see how we can give some children less rights than others. Would this not be the case of saying that you have more rights when it is alleged that you have perpetrated more of a wrong?
For the reasons stated aforesaid, motion granted, petition dismissed without prejudice.