I. Leo Glasses, J.
Belying upon Matter of Jose G. (68 Misc 2d 1043 [Family Ct., N. Y. County, 1972]), the Corporation Counsel moved pursuant to section 165 of the Family Court Act, CPLB 602 (subd. [a]), and CPL 200.20 (subds. 2 and 4),, for an order which would permit the consolidation of three separate petitions each of which alleges that the respondent, on a separate occasion and upon a separate victim, committed *321 an act which if committed hy an adult would constitute the crime of sodomy.
The motion is prompted primarily by section 130.15 of the Penal Law, which enjoins a conviction for the commission or attempted commission of a sex offense (other than sexual abuse in the third degree) solely upon the uncorroborated testimony of the alleged victim. In paragraph 4 of his supporting affidavit, the Corporation Counsel states: ‘ ‘ This motion to consolidate is made for the purpose of establishing a common plan or scheme, identity and corroboration ”. In paragraph numbered 6 he states: “ In view of the harshness and illogic of the evidentiary rules on corroboration in sex crimes and the criticism leveled at them by many legal authorities and judges, consolidation of these proceedings will not only expedite the hearings and be dispositive of all three proceedings in a single trial, but will best serve the interests of justice and fairness.”
It is difficult to comprehend the logic of paragraph 6 which might be parsed as follows: The rules of corroboration must be satisfied for the conviction of a sex crime; the rules of corroboration are illogical and harsh; therefore, the consolidation of two or more sex crimes would be expeditious and serve the interest of justice and fairness. The syllogism is less than perfect.
It is interesting to note at the outset that the Corporation Counsel relies upon both the CPLR and the CPL. This reference to rules of procedure designed to regulate two disparate areas of law is not unusual in juvenile delinquency proceedings. (See, e.g., Matter of G., 68 Misc 2d 1043, supra; Matter of Ronald G., 68 Misc 2d 80 [Family Ct., Suffolk County, 1971]; Matter of Santos C., 66 Misc 2d 761 [Family Ct., Bronx County, 1971]; Matter of Edgar L., 66 Misc 2d 142 [Family Ct., Kings County, 1971]; Matter of Anthony F68 Misc 2d 718 [Family Ct., Schenectady County, 1972]; Matter of Michael E., 68 Misc 2d 487 [Family Ct., Suffolk County, 1971].) The felt need, to refer to both, reflects the dilemma which often confronts the Family Court in juvenile matters — is the proceeding criminal or civil? The dilemma is attributable to the calculated reluctance to classify such proceedings as being one or the other, in the belief, perhaps, that juveniles might thus enjoy the best of both procedural worlds. So, for example, in McKeiver v. Pennsylvania (403 U. S. 528, 541) the court observed: “ Little, indeed, is to be gained by any attempt simplistically to call the juvenile court proceeding either ‘ civil ’ or ‘ criminal The Court carefully has avoided *322 this wooden approach.” Again, in Matter of Winship (397 U. S. 358, 365-366): “ civil labels and good intentions do not themselves obviate the need for criminal due process safeguards in juvenile courts ”. A persuasive case can be made for the proposition that if the myriad auxiliary services which are so desperately needed for the treatment and rehabilitation of juveniles in trouble were made available so that the dream which gave birth to the juvenile courts could be realized, less emphasis would be placed upon labels and that it is precisely because such services are not available that criminal due process safeguards assume such significance.
The problems posed by the hybrid nature of the proceeding are far from academic. One or two illustrations might emphasize the reality of the dilemma. A motion to exclude witnesses from the courtroom may be granted in civil and criminal cases. (Eichardson, Evidence [Prince, 9th ed.], § 472.) A party to the action may be present during the trial as a matter of right. (Eichardson, Evidence [Prince, 9th ed.], § 473.) In a criminal prosecution the plaintiff is the People of the State of New York and the victim or complainant may properly be excluded. In a juvenile delinquency proceeding the petitioner is generally the victim or the complainant. May the court properly grant the juvenile’s motion to exclude the petitioner from the courtroom as a prospective witness or is the petitioner a party to the action and entitled to be present? In a criminal prosecution the unsworn testimony of an infant may be received although it must be supported by other evidence to sustain a conviction. In a civil action, the unsworn testimony of a child is inadmissible. (Eichardson, Evidence [Prince, 9th ed.], § 409.) Characterizing the juvenile proceeding as being either criminal or civil may be crucial for this purpose. (But see, Family Ct. Act, § 152, subd. [b].) Is a pleading upon information and belief sufficient in a juvenile proceeding? (See Matter of Anonymous, 37 Misc 2d 827 [Family Ct., Nassau County, 1962] ; Matter of Walsh, 59 Misc 2d 917 [Family Ct., Dutchess County, 1969]; Matter of Michael E., 68 Misc 2d 487, supra.)
Section 165 of the Family Court Act provides that the provisions of the CPLE shall apply to Family Court proceedings to the extent that they are appropriate where the method of procedure is not otherwise prescribed. No procedural rules have otherwise been prescribed with respect to this motion by the Family Court Act or by the Administrative Board of the Judicial Conference. (Matter of Turner, 56 Misc 2d 454 [Family Ct., Dutchess County, 1968].) Turning to CPLE 602 (subd. *323 [a]) for guidance we find that “ When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” Causes of action based upon unrelated facts should not only be pleaded separately, but should be tried separately. (Garland v. Memorial Hosp., 60 Misc 2d 34 [Sup. Ct., Albany County, 1969].) The alleged acts of the respondent in the three proceedings are so separate and distinct and so unrelated to each other that consolidation would prejudice a substantial right of the respondent. The motion to consolidate under CPLB 602 (subd. [a]), addressed as it is to the discretion of the court, is, in the exercising of that discretion, denied.
If the motion is to be determined by the provisions of CPL 200.20, it is likewise denied. CPL 200.20 (subd. 3) provides: “ In any case where two or more offenses or groups of offenses charged in an indictment are based upon different criminal transactions, and where their joinability rests solely upon the fact that such offenses, or as the case may be at least one offense of each group, are the same or similar in law, as prescribed in paragraph (c) of subdivision two, the court, in the interest of justice and for good cause shown, may, upon application of either a defendant or the people, in its discretion order that any one of such offenses or groups of offenses be tried separately from the other or others ”.
Bichard Gr. Denzer, commenting upon that section in McKinney’s (Cons. Laws of N. Y., Book 11 A) Practice Commentary observes: “Subdivision 3, like the former provisions (COP 279), is attentive to the possibility of prejudice when offenses are joined solely by reason of identical or similar legal character (e.g., two unrelated burglaries), and provides for severance in appropriate cases.”
In Matter of Turner (56 Misc 2d 454 [Family Ct., Dutchess County, 1968]) separate proceedings were instituted against the respondent. In one he was charged with the death of his mother by shooting on March 7, 1968 and in the other, with the death of his maternal grandmother at the same time and by the same means. Both the petitioner and the respondent joined in a motion to consolidate the petitions. Before granting the motion, the court deemed it necessary to conclude that the alleged acts of the respondent in the two proceedings were not so separate and distinct and unrelated to each other that the *324 evidence in one would have no bearing on the evidence in the other. ‘ ‘ The basic question to be decided ’ ’ said the court (p. 456), “is whether consolidation will or will not prejudice the respondent and deprive him of any of his constitutional rights guaranteed him under the law of our land.” The acts allegedly committed by the respondent in these proceedings are so separate, distinct and unrelated to each other that the evidence in one would have no bearing upon the evidence in the other and may tend to unduly prejudice him. (See, also, People v. King, 53 N. Y. S. 2d 894 [Gen. Sess. N. Y. County, 1945]; People v. Pepin, 6 A D 2d 992 [4th Dept., 1958]); People v. Namolik, 8 A D 2d 685 [4th Dept., 1959]; People v. Babb, 194 Misc. 5 [Gen. Sess., 1949].)
The motion to consolidate has as its ultimate objective the admissibility of evidence relating to the alleged sodomy upon victim A to corroborate the alleged sodomy upon victims B and C. It is a well-established common-law rule that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with the offense for which he is on trial. (Richardson, Evidence [Prince, 9th ed.], § 175; People v. Sharp, 107 N Y. 427 [1887]; People v. Grutz, 212 N. Y. 72 [1914]; People v. Condon, 26 N Y 2d 139 [1970].) The adherence to that rule has been a distinguishing feature of the Anglo-American law of evidence.
The exceptions to the general rule are succinctly stated in the landmark case of People v. Molineux (168 N. Y. 264 [1901]). The bald assertion in the affidavit supporting the motion to consolidate that it is made for the purpose of establishing a common scheme or plan and identity is not sufficient to activate the exceptions to the general rule. To prove similar crimes by the accused which bear a resemblance in method to the one charged so as to mark them as his handiwork, 1 ‘ much more is demanded than the mere repeated commission of crimes of the same class such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature. To show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial. Other like sexual crimes with other persons do not qualify for this purpose.” (McCormick, Evidence, 327, 328. See, also, People v. O’Sullivan, 104 N. Y. 481, 484 [1887]; and People v. Lombardi, *325 20 N Y 2d 266, 273 [1967] [“ the jury should be instructed that the crimes charged * * * must * * * be separately considered each on its own merits ”].)
Turning finally to the question of whether proof of a criminal act allegedly committed against A can be used to supply the necessary corroboration required by section 130.15 of the Penal Law in the prosecution of the accused for a similar act against B and against C, the cases are thoroughly reviewed and collected in 167 A. L. B. 565 and 77 ALB 2d 841. The merits of the New York requirement of corroboration in sex crimes have been the subject of considerable recent discussion. There is much to be said for abolishing the requirements, at least where the accused and the victim are complete strangers, but that is a determination which must be made by the Legislature.
An analysis of the cases justifies the observations made by Gregg, Other Acts of Sexual Misbehavior and Perversion as Evidence in Prosecutions for Sexual Offenses (6 Arizona L. Bev. 212, 220): 1 ‘ The need for corroboration has become a stick with which to beat the defendant by introducing other similar offenses. ’ ’ And at pages 235 and 236: “ If what is sought is an exception to the rule which would permit evidence of other offenses where the crime charged is (a) one typically committed by habitual offenders; (b) difficult to prove or (c) highly revolting or feared, then the exception should be stated or framed in just such specific terms. * * * In crimes in which the prejudices against defendants are likely to be greatest and the danger of false witnessing considerable, an exception is being applied that leaves the accused extremely limited protection against admission of prior or subsequent offenses. Apparently, this has often been done on the simple intuition of courts that sex offenders are more likely than other criminals to be habitual or compulsive offenders. Such an assumption has little scientific support and has resulted in a rule of evidence that discriminates unfairly against this class of defendants. ’ ’
For the foregoing reasons, the motion to consolidate is denied. These petitions are to be calendared for separate hearings on June 14,1972.