MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. (Proceeding No. 1.)

BETTINE HAYES, Petitioner, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, et al., Respondents. (Proceeding No. 2.)

First Department, July 3, 1975

*Elizabeth V. Black* for Bettine Hayes, petitioner and respondent.

*James J. Dolan* for Merrill Lynch, Pierce Fenner & Smith, Incorporated, petitioner and respondent.

*Alan J. Saks* of counsel *(Henry Spitz, General Counsel),* for State Division of Human Rights.

*Per Curiam.* Complainant Bettine Hayes filed a complaint on May 4, 1973, with the State Division of Human Rights to the effect that she had been discharged by her employer, Merrill Lynch, Pierce, Fenner & Smith, discriminatorily because of her age and sex, in violation of article 15 of the Executive Law. Two individual management employees were also joined as parties respondent; they were eliminated as parties in later development of the case. Hayes, employed 22 years, had held lesser positions but was a senior portfolio analyst when discharged. Probable cause having been found on investigation, formal hearing was ordered (§ 297, subd 4) and held. In addition to Hayes' qualifications for her job, examination was also held as to Merrill Lynch's economic situation, to which it claimed to have adjusted by discharge of its least productive employees without regard to factors of age or sex. There was also some evidence concerning claimed discrimination in that Hayes had been compelled to take a longer maternity leave than others, explained by the necessity in her case of Caesarian section. In any event, the commissioner found no discrimination on either assigned ground in her discharge, but did find it had existed in the maternity

leave situation, which was cured by a direction that compensatory back pay be paid in satisfaction.

Hayes took her case to the State Human Rights Appeal Board (§ 297-a), which held a hearing at which all parties, including the division, appeared with counsel. The appeal board affirmed by silence the disposition of the maternity leave decision, and did not revive the charges against the individual respondent managerial employees, and it affirmed the decision that sexual discrimination had not been a factor in the discharge. However, stating that "there is room for differences of opinion about the discharges," it remanded the age question to the division to rule that Hayes had been discharged discriminatorily by reason of age. It thereby substituted its judgment for that of the division, though the division's decision, despite the existence of "differences of opinion," had been bottomed on substantial evidence. Merrill Lynch appeals therefrom by petition, while Hayes, by cross petition, appeals from the affirmance by the appeal board of the division's decision that sexual discrimination had not been practiced.

As to the age question, we annul and reinstate the division's decision that discrimination by reason of age had not been practiced. The findings of the division, supported by substantial evidence found in the whole record, are conclusive (Matter of Holland v Edwards, 307 NY 38), and the setting aside by the appeal board of that decision because of "differences of opinion" was error (Matter of Mize v State Div. of Human Rights, 33 NY2d 53). The same reasoning holds true as to the decision in respect of sex, upheld by the appeal board, and it should not be disturbed.

One further comparatively minor point remains to be disposed of. Hayes seeks dismissal of Merrill Lynch's petition because verified by its attorney in claimed violation of CPLR 7804 (subd [d]). However, all material facts are stated to be within the attorney's knowledge (CPLR 3020, subd [a] and subd [d], par 3) and, further, no prejudice has been shown to justify dismissal.

The petition of Merrill Lynch to confirm that part of the determination of the appeal board which affirms the division's dismissal of the charge of discriminatory discharge because of sex should be granted, the determination confirmed, and the cross petition of Hayes to annul denied and dismissed, without costs.

The cross petition of Hayes to confirm that part of the determination of the appeal board which reverses the division's dismissal of the charge of discriminatory discharge because of age should be denied and the cross petition dismissed, the petition of Merrill Lynch granted, and that part of the determination of the appeal board annulled, and the order of the division dismissing the charge of discrimination because of age reinstated, on the law, without costs.

The motion by cross-petitioner Hayes to dismiss the petition for improper verification should be denied, without costs.

STEVENS, P. J., MARKEWICH, TILZER, LANE and YESAWICH, JJ., concur.

Petition in Proceeding No. 1 to confirm that part of the determination of the State Human Rights Appeal Board, dated March 13, 1975, which affirms the State Division of Human Rights' dismissal of the charge of discriminatory discharge because of sex, unanimously granted, the determination confirmed, and the cross petition of Bettine Hayes to annul denied and dismissed, without costs and without disbursements.

Cross petition of Bettine Hayes to confirm that part of the determination of the State Human Rights Appeal Board, dated March 13, 1975, which reverses the State Division of Human Rights' dismissal of the charge of discriminatory discharge because of age, unanimously denied and the cross petition dismissed, the petition in Proceeding No. 1 granted, and that part of the determination of the appeal board annulled, on the law, without costs and without disbursements, and the order of the division dismissing the charge of discrimination because of age reinstated.

Motion of cross-petitioner Bettine Hayes to dismiss the petition for improper verification unanimously denied, without costs.