F. Warren Travers, J.
The Commissioner of Social Services has filed a paternity petition, which is modeled after the official form No. 5-3 found in 22 NYCRR Appendix B-2.
Except for the allegation that the petitioner is the Commissioner of Social Services, the entire petition including the allegation that the mother and child are public charges, is upon information and belief.
The verification does not state the source of petitioner’s information, nor does it set forth the grounds for his belief.
There is no supporting affidavit or deposition attached to the petition or any statement to indicate the petitioner’s source of information.
Respondent, through his attorney, moves to dismiss the petition contending it is defective, since there is no showing as to the basis for the petitioner’s allegations.
Petitioner argues that the regulations (22 NYCRR 2501.2) designate the forms found in Appendix B-2 to be official forms for use in Family Court, "and are apparently intended to meet due process and other procedural and constitutional requirements.”
The Family Court Act authorizes seven proceedings, each of which is governed by a separate article of the act, and each is commenced by the filing of a petition. There is a variation, however, in the language used in the articles with respect to the petition. A review of these sections follows.
Article 5 of the Family Court Act regulates paternity proceedings.
Section 523 of the Family Court Act states, "Proceedings are commenced by the filing of a verified petition, alleging that the person named as respondent, or the petitioner if the petitioner is a person alleging to be the child’s father, is the father of the child and petitioning the court to issue a summons or a warrant, requiring the respondent to show cause why the court should not enter a declaration of paternity, an *1056 order of support, and such other and further relief as may be appropriate under the circumstances. The petition shall be in writing and verified by the petitioner.”
The section is silent with respect to petitions filed which are completely "upon information and belief’.
Support proceedings under article 4 are commenced by "the filing of a petition, which may be made on information and belief ” (Family Ct Act, § 423; emphasis supplied.)
Article 6 concerns itself with termination of parental rights and such a proceeding is "originated by a petition”, alleging five items. (Family Ct Act, § 614, subd 1.) The section continues, "Where the petitioner is not the authorized agency, allegations relating to the efforts of the authorized agency may be made upon information and belief. ” (Family Ct Act, § 614, subd 2; emphasis supplied.)
Article 7, juvenile delinquency proceedings, are commenced "by the filing of a petition, alleging” three items. (Family Ct Act, § 731.) This section does not make any reference to petitions "upon information and belief’. Decisional law discussed below shows a trend to afford juveniles the same rights accorded to adults accused of crimes, and petitions upon information and belief unsupported by an affidavit or deposition showing the source of information have been dismissed as legally insufficient.
Family offense proceedings are regulated by article 8 of the Family Court Act and are originated "by the filing of a petition” alleging two items. (Family Ct Act, § 821.) This section is also silent on the topic of petitions filed "upon information and belief’.
Article 9, conciliation proceedings, allows a spouse to commence the proceeding, "by filing a petition stating that his or her marriage is in difficulty and that the conciliation services of the family court are needed.” (Family Ct Act, § 921.) No mention is made of a petition "upon information and belief’.
Article 10, the relatively new article on child protective proceedings, provides for the commencement of a proceeding, "by the filing of a petition in which facts sufficient to establish that a child is an abused or neglected child under this article are alleged.” (Family Ct Act, § 1031.) The section says nothing pertaining to petitions "upon information and belief’.
A 1976 amendment, effective January 1, 1977, will allow a child protective agency to bring this proceeding, notwithstand *1057 ing the child is in the care and custody of such agency. "In such event, the petition shall allege facts sufficient to establish that the return of the child to the care and custody of his parent * * * would place the child in imminent danger of becoming an abused or neglected child.” (Family Ct Act, § 1031, subd [d].)
This court is not aware of any decisional law pertaining to the sufficiency of petitions "upon information and belief’ in paternity proceedings under article 5 of the Family Court Act.
The sufficiency of petitions "upon information and belief’ has been considered in cases of alleged juvenile delinquency (Matter of Anonymous, 37 Misc 2d 827; Matter of Walsh, 59 Misc 2d 917).
In Matter of Anonymous (supra) the court held that a petition could be based on information and belief without any supporting deposition. Matter of Walsh (supra) held that a petition charging juvenile delinquency should meet the same requirement as to the sufficiency of an information demanded in a criminal case.
Matter of Michael E. (68 Misc 2d 487) involved an alleged "person in need of supervision” and reviews the subject of petitions filed upon information and belief in article 7 (Family Ct Act) proceedings. The court concluded that the trend of decisional holdings has required in almost all cases that due process in juvenile matters be similar to that afforded adults in criminal matters and dismissed the petition. (See, also, Matter of Howe, 70 Misc 2d 144.)
From a review of the various articles of the Family Court Act, it is possible to conclude that, in instances where the Legislature intended to allow petitions "upon information and belief’, it said so in the respective sections, viz., section 423 and subdivision (2) of section 614.
Equally important, however, is the consideration that the process of the Family Court should not issue until the court has before it sufficient factual information to enable the court to conclude that there is good cause for the issuance of process.
This does not mean that process can never be issued on information and belief in a paternity proceeding. To do so might result in a grave injustice to the infant, as in a case where the mother is unwilling to co-operate with the Department of Social Services.
*1058 If it is not practicable to submit a petition by one having actual knowledge of the facts, a petition upon information and belief should set forth the sources of information and a good reason should be set forth why positive averments cannot be obtained from the person or persons possessing the actual knowledge.
Accordingly, the motion of respondent is granted and the petition is dismissed without prejudice.