OPINION OF THE COURT
Raymond J. Barth, J.
This proceeding was initiated by the filing of two paternity petitions on April 21, 1980, by the Commissioner of Social Services of Onondaga County. Said petitions allege, upon information and belief, that the respondent is the father of two male children born on the same date, April 20, 1979, to Pamela J. Damiano.
On May 8, 1980, the respondent moved this court to dismiss the petition on the ground of legal insufficiency. The respondent contended that the petitions were inadequate in that they were made solely upon information and belief, neither stating the sources of information and belief, nor the reasons why the mother did not verify the petition. In support of his motion, the respondent cited Beaudoin v Harris (88 Misc 2d 1054) as controlling. Judge F. Warren Travers of the Family Court of Rensselaer County held in that case, based upon facts nearly identical to the instant *731 proceeding, that a petition upon information and belief should set forth the source of information and the reasons why positive averments cannot be obtained from the person possessing the actual knowledge.
First, it is to be noted that the respondent has apparently overlooked petitioner’s verification on page two of the petitions which states the source of petitioner’s information and belief to be derived from various conferences with the mother of the subject children. Secondly, the court must respectfully disagree with Beaudoin (supra). Where a paternity petition is brought by the Commissioner of Social Services upon information and belief, it is not necessary to include a statement of the reasons why the mother did not verify the petition.
Section 523 of the Family Court Act governs the content of paternity petitions. The section requires a written petition verified by the petitioner, alleging that the respondent is the father of the child and petitioning the court to issue a summons or warrant, requiring the respondent to show cause why the court should not enter a declaration of paternity, an order of support, and such other and further relief as may be appropriate. The petitions in the case at bar are in full compliance with this section. However, the petitions are based upon information and belief and section 523 is silent as to petitions based upon information and belief.
Where procedure is not prescribed by the Family Court Act, section 165 of said act provides.that the CPLR shall apply to the extent appropriate to the proceedings involved.
CPLR 3021 provides that where an affidavit of verification is made by a person other than the party, he must set forth the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party. It does not require a party to make these additional statements. The petitioner herein is clearly a party pursuant to section 522 of the Family Court Act and, as such, need not elaborate upon the grounds for belief of those items not averred on knowledge or the reason why the mother did not verify the petition. (O’Connor v Fedak, *732 99 Misc 2d 403; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3021, p 391.)
The respondent further contends that the petitions should be dismissed on the ground that they do not comply with CPLR 3013. Said section provides that, “Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.” The giving of notice is the essential requirement of this section. (Alvord & Swift v Muller Constr. Co., 46 NY2d 276.)
The petitions herein do, in fact, give the court and parties sufficient notice of the occurrences intended to be proved and the elements of the cause of action. The petitions explicitly state that they are paternity actions, that a child was born on a specific date and that, upon information and belief, the respondent is the father of the subject child. From a reasonable reading of the petitions an inference may be readily drawn that the petitioner is alleging acts of intercourse occurring between the parties. It is also reasonable for the respondent to infer the approximate time period in which the acts of intercourse allegedly occurred. This may be determined by making a simple computation based upon the period of gestation and the date of the child’s birth. Therefore, the petition, considered as a whole and liberally construed in accordance with CPLR 3026, is sufficient to satisfy CPLR 3013 (Foley v D’Agostino, 21 AD2d 60).
The court fully realizes that inferences may not be satisfactory for respondent’s purposes, however, further particularity as to the petitioner’s cause of action may be obtained by a demand for a bill of particulars. (Pernet v Peabody Eng. Corp., 20 AD2d 781.) The utilization of bills of particulars in paternity proceedings is almost a matter of routine. (2 Schatkin, Disputed Paternity Proceedings [rev 4th ed], Sept., 1980 Supp, § 20.01, p 16.) In fact, the bill of particulars is so frequently employed as a means of amplifying the petition, that it has been contended by a leading authority that it is not necessary to *733 include any facts tending to establish paternity in the petition. (2 Schatkin, Disputed Paternity Proceedings [rev 4th ed], § 20.01.)
CPLR 3026 provides that “Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” Reading this section in conjunction with section 3013 results in “the conclusion that even if one of the material elements is omitted from the complaint, its omission shall be ignored if no substantial right is prejudiced.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3013, p 619.) The instant petitions do not prejudice the respondent. An answer is not required in Family Court proceedings and further details are available to the respondent via a bill of particulars as afore-mentioned. Therefore, the element of surprise at trial may be obviated by the respondent. Furthermore, should the petitioner fail to provide a bill of particulars upon proper demand, the respondent has the protection of a motion to preclude in accordance with CPLR 3042 (subd [c]).
Accordingly, it is ordered that the respondent’s motion to dismiss the petitions on the ground of legal insufficiency is hereby denied; and it is further ordered that this matter be set down for further proceedings on the 19th day of November, 1980, at 9:30 o’clock in the forenoon of that day.