*61 OPINION OF THE COURT
Salvatore R. Mosca, J.
By petition, filed April 7, 1980, Joseph A. D’Elia, the Commissioner of the Department of Social Services of Nassau County, seeks, on behalf of Doreen H., to establish that the respondent, Sandy B., is the father of Sandy T. H., born June 2, 1976. The respondent moved, by oral application, to dismiss the verified petition made by the Commissioner, upon information and belief, as legally insufficient.
Family Court Act § 523 mandates that a paternity petition be in writing and be verified by the petitioner. Although Family Court Act § 423 explicitly permits the filing of a support petition upon information and belief, and Family Court Act § 614 (1) provides for certain allegations of a permanent neglect petition to be upon information and belief, Family Court Act article 5 contains no authorization that a paternity petition be made upon information and belief. It is respondent’s position that a petition filed by the Commissioner of the Department of Social Services upon information and belief is legally insufficient unless supported by an affidavit or deposition of a person with direct knowledge. In accord with respondent’s position, the court in Beaudoin v Harris (88 Misc 2d 1054, 1058) held that when practicable a paternity petition must be made by a person with direct knowledge and when not practicable, a petition filed upon information and belief is defective unless the petition sets forth the source of the petitioner’s information and "a good reason * * * why positive averments cannot be obtained from the person or persons possessing the actual knowledge.”
Respondent’s argument that a paternity petition must be supported by an affidavit of direct knowledge is not tenable. Family Court Act § 522 explicitly authorizes the filing of a paternity petition by persons who could not have direct knowledge. (In addition to granting standing to a public welfare official in the county where the mother resides or the child is found, article 5 authorizes the child’s guardian, next of kin, or even the child himself, to commence a paternity proceeding. The court notes, additionally, that a putative father may only know of a child’s birth upon information and belief.) Further, should the mother of the child be uncooperative, incompetent, deceased, or should her whereabouts be unknown, it might be impracticable or impossible to obtain an affidavit or deposition of direct knowledge in support of the petition. (See, Family Ct *62 Act § 518, which authorizes the filing of a paternity petition despite the death, mental illness or absence of the mother.)
Despite the absence of statutory language authorizing the filing of a paternity petition upon information and belief, it is clear that the statutory scheme of article 5, which permits certain categories of nonparent parties to petition the court to establish paternity even when the mother is absent, incompetent or deceased, implicitly provides that petitions may be filed upon information and belief.
The legal sufficiency of a paternity petition brought upon information and belief, by the Commissioner of the Department of Social Services unsupported by an affidavit of direct knowledge, a statement of source, or a statement as to why an averment of direct knowledge was unavailable was summarily upheld by the Family Court Judges in O’Connor v Fedak (99 Misc 2d 403) and Matter of Lascaris v Carioti (105 Misc 2d 728) on the basis that the Commissioner of the Department of Social Services is a party in a paternity proceeding and CPLR 3021 requires only that a verified petition by a nonparty contain these additional statements.
The courts in O’Connor (supra) and Lascaris (supra) held that the CPLR was determinative because the Family Court Act contains no procedural rules regarding legal sufficiency of a verified petition and Family Court Act § 165 provides that when procedure is not prescribed by the Family Court Act, the court shall apply the CPLR.
In analyzing the necessity for a statement regarding the source of information and/or supporting depositions in a person in need of supervision petition, the Family Court, in Matter of Michael E. (68 Misc 2d 487), took a different approach. The court held that the Uniform Rules of the Family Court (see, 22 NYCRR 205.7 [a]) mandate the uniform use of official forms and that, as these forms provide for petitions in person in need of supervision proceedings to contain these additional statements, the requisite procedure is established by the official forms and reference to the CPLR is unnecessary.
To this court’s knowledge, with the exception of Beaudoin v Harris (88 Misc 2d 1054, supra), the requirement of a statement of sources and/or supporting affidavits of direct knowledge has not been held applicable to Family Court proceedings except in person in need of supervision and juvenile delinquency cases. (See, Besharov, Practice Commentary, McKin *63 ney’s Cons Laws of NY, Book 29A, Family Ct Act § 1031, p 340, noting that in art 10 proceedings the official forms provide for the filing of a petition upon information and belief, without a statement of source or supporting depositions.) A statement of source, which is mandatory in a criminal information, has been held applicable to person in need of supervision and juvenile delinquency proceedings due to their quasi-criminal nature. (Matter of Michael E., supra.) (Note: Since the enactment of art 3 in 1983, the petition and supporting depositions in a juvenile delinquency proceeding must contain nonhearsay allegations of every element of the alleged crime. [Family Ct Act § 311.2 (3).])
Paternity proceedings are civil in nature (see, Committee Comments, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 523, p 528), and the safeguards afforded a defendant in a criminal matter are not necessarily applicable in a civil proceeding. While a respondent in a civil litigation is entitled to pleadings which give sufficient notice of the cause of action sought to be proved (CPLR 3013; Matter of Lascaris v Carioti, 105 Misc 2d 728, supra), neither the CPLR nor the current official Family Court form for a paternity petition filed by a social services official (form 5-3, promulgated in Sept. 1981) requires that the petition contain a statement of source or a supporting affidavit by a person with direct knowledge. The court is aware that the Nassau County Department of Social Services generally includes a statement of source and an affidavit of the mother. While inclusion may be the better practice, it is not mandatory.
The petition herein, filed in 1980, is set forth on an official form promulgated in 1979. That form did require a statement of source and, in compliance, the petition recited that the source of petitioner’s information is the Department of Social Services file. As there is no basis to require that a paternity petition filed by the Commissioner of the Department of Social Services contain a supporting affidavit by a person with direct knowledge or, in the alternative, a statement as to why such affidavit is not available, and as the petition complied with the official form in effect in 1980, the oral application to dismiss the petition is denied.
The court notes that Family Court Act § 523 contains a requirement that paternity petitions must contain a recitation that "pursuant to section one hundred eleven-g of the social services law, where an order of support directs that support payments be made to the support collection unit of a social *64 services district or the appropriate collection unit of a county probation office such petition shall be deemed to be an application for support payment services thereunder.” The official court form, effective September 1981, requires this recitation, but deletes the reference to "the appropriate collection unit of a county probation department.” The petition before the court does not contain this statement. The court, on its own motion, amends the petition before the court to include this statement. This amendment will in no manner prejudice the rights of the respondent, as the court has not addressed the issue of support and will not consider the issue until there has been a disposition regarding paternity.
The court also notes that the 1979 official form utilized by the Department of Social Services in the instant proceeding and, apparently, still in use in this court, does not contain a proper form of verification by an agency. Both CPLR 3020 (d) (2) and the 1981 official form for a paternity petition by a social services official require that a verification by an agency contain a statement that the person making the affidavit is acquainted with the facts and circumstances of the proceeding. The respondent, however, has waived any right to contest the validity of the verification on this basis by failing to raise the issue on his oral application. (Matter of Ames Dept. Stores v Assessor of Town of Concord, 102 AD2d 9.)
The matter is referred back to Hearing Examiner Casher to determine whether or not there will be an undisputed admission of paternity. The clerk of the court is directed to calendar the proceeding for Hearing Examiner Casher and to notify the parties and their respective counsel to appear. If the respondent is still incarcerated, the clerk shall prepare an order to produce and shall calendar the matter to afford the Nassau County Sheriff sufficient time to produce the respondent.