OPINION OF THE COURT
Gerard M. Weisberg, J.
Uniformly, in tort actions against the State of New York, its answers and bills of particulars are verified by the Assistant Attorney-General assigned to the defense of the claim.
By this motion for an order of preclusion on the ground that the bill of particulars of the State’s verified answer was not sworn to by a person with actual knowledge of the facts, this long-standing practice is drawn into question.
A bill of particulars "shall” be verified if the pleading which it amplifies is also verified (CPLR 3044). It has been held that the rules applicable to verification of pleadings should be utilized in the case of a bill of particulars. (See, Baldwin v Tinker, 48 Misc 2d 362; Matter of Ross, 34 Misc 2d 1018; *893 Lipsky v Commerce-Pacific, 134 NYS2d 147; 3 Weinstein-Korn-Miller, NY Civ Prac |f 3044.03.)
CPLR 3020 (d) deals with by whom the required affidavit shall be made. Specifically, CPLR 3020 (d) (2) states: "if the party is the state, a governmental subdivision, board, commission, or agency, or a public officer in behalf of any of them, the verification may be made by any person acquainted with the facts” (emphasis added). This requirement has been satisfied. The Assistant Attorney-General deposes, upon information and belief, that its contents are true. In addition, his sources are averred as being "records and statements of officers, agents and employees of defendant”.
This is sufficient to demonstrate that he is "acquainted with the facts”, a standard which is not synonymous with "personal knowledge”. The latter has been compared to "firsthand” or "independent” knowledge of the facts. (Davidowitz v Dixie Assocs., 59 AD2d 659; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3020:8, at 381.) It is required only in the limited instances specified in CPLR 3020 (d) (3).
In contrast, a pleader may become "acquainted” with facts through secondary sources, provided he identifies them. (CPLR 3021, 3020 [a]; cf, Merrill Lynch, Pierce, Fenner & Smith v State Div. of Human Rights, 48 AD2d 391; Matter of D’Elia [Doreen H.] v Sandy B., 132 Misc 2d 60.) This was done in the instant case. Claimant’s motion is, therefore, denied.