■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KIMMIE W., Respondent, v RANDY M., Appellant. (Appeal No. 2.) [616 NYS2d 110] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of Family Court adjudicating him the father of the child and the subsequent order of a Hearing Examiner directing him to pay child support. The order of support is not appealable because objections were not filed and the order was not reviewed by a Judge *(see,* Family Ct Act § 439 [e]; *Matter of Erie County Dept. of Social Servs. [Holmes] v Abdallah* [appeal No. 2], 187 AD2d 967). Thus, the appeal from that order is dismissed. The appeal from the filiation order is not appealable as of right *(see,* Family Ct Act § 1112; *Matter of Jane PP. v Paul QQ.,* 64 NY2d 15, 17). We deem the notice of appeal from the filiation order to be an application for leave to appeal from that order, and, in the exercise of our discretion, grant leave to appeal *(see,* Family Ct Act § 1112 [a]; *Matter of Erie County Dept. of Social Servs. [Holmes] v Abdallah, supra).*

We find no basis in the record to disturb Family Court's determination that petitioner sustained its burden of proving respondent's paternity by clear and convincing evidence *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996). "The greatest deference should be given to the decision of the hearing Judge who is in the best position to assess the credibility of the witnesses and the evidence proffered" *(Matter of McCarthy v Braiman,* 125 AD2d 572; *see, Matter of Ferguson v Gonyou,* 110 AD2d 1084).

There is no merit to respondent's contention that the court gave conclusive weight to the HLA test result of 99.71%. A favorable HLA test, while not conclusive, is, nevertheless, regarded as highly accurate on the issue of paternity *(Matter of Commissioner of Social Servs. [Mary W.] v Kenneth L.,* 188 AD2d 1080). The court considered the test as only one factor, which, together with the testimony of the mother and the conduct of respondent after learning of the pregnancy, pro-

vided clear and convincing evidence of respondent's paternity *(see, Matter of Helen NN. v Daniel OO.,* 187 AD2d 860). The court's erroneous determination that the "unexplained" failure of the mother's former paramour to testify compelled the conclusion that his testimony would not have been favorable to respondent (see, Family Ct Act § 531; *Matter of Erie County Dept. of Social Servs. [Heather L. H.] v Charlie S.,* 190 AD2d 1024) does not alter the result. There was clear and convincing evidence of respondent's paternity apart from that determination.

The contention that the court erred in denying respondent's motion to dismiss the paternity petition because it was based on information and belief is without merit *(see, Matter of D'Elia [Doreen H.] v Sandy B.,* 132 Misc 2d 60; *Matter of Lascaris v Carioti,* 105 Misc 2d 728; *O'Connor v Fedak,* 99 Misc 2d 403). (Appeal from Order of Niagara County Family Court, Halpin, J.—Paternity.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.