OPINION OF THE COURT
David J. Roman, J.
On April 23, 2007, A.T. filed specific written objection to an order of Support Magistrate Samuel J. Sugar, entered on March 26, 2007. The court received a timely rebuttal from the Department of Social Services’ legal division, Kathryn G. Wolfe, Esq., of counsel.
This matter was commenced upon filing of a petition on November 9, 2006, the agency alleging that the above-named respondent is chargeable with the support of the subject child, C.T., born in 1994. The matter was on for initial appearance on December 12, 2006. The record of proceedings indicates that all parties were present on the latter return date, and that Mr. T. advised the Support Magistrate that he had retained Stephen K. Cornwell, Jr., Esq., to represent him, but his attorney was unable to be present. Mr. T. questioned the legitimacy of the public assistance benefits allegedly paid to C.E on behalf of the subject child because he alleged that he has maintained physical custody of the parties’ daughter, at his residence in Onondaga County, for the past several years. Mr. Sugar indicated that the assignor may have opened herself up to fraud charges and criminal prosecution if those claims were true. Given the dichotomy of the facts, and Mr. Sugar’s perception that a further dialogue was not likely to resolve the case, he scheduled a hearing, on February 14, 2007, and directed the parties to bring various information with them, including custody papers, school records, or other documents which would establish where the child lived.
On February 9, 2007, attorney Cornwell faxed a letter to the court, addressed to the Support Magistrate, indicating that he had to withdraw from the case due to a conflict of interest in that, upon reviewing his files, he realized that he previously represented the assignor, C.F. In addition to notifying the Support Magistrate of the conflict, Mr. Cornwell requested an adjournment to allow respondent sufficient time to retain a new attorney. The file notes indicate that Mr. Sugar’s clerk telephoned Mr. Cornwell’s office at 8:37 a.m. on February 14, 2007 to advise that Mr. Sugar was denying the adjournment request, and that Mr. T. must be present for the hearing later that morn *970 ing. Mr. Sugar conducted a “hearing” at approximately 10:30 a.m. that day which was held in respondent’s absence and lasted only several minutes. The only witness to testify was a representative of the Department of Social Services. The support assignor and child’s natural mother, C.F., was not present.
A default order was entered on February 20, 2007, finding respondent chargeable with supporting the subject child and reimbursing the Department for their public assistance expenditures. The support order was entered in spite of the fact that attorney Cornwell advised Mr. Sugar, by letter of February 14th, that his office had originally informed Mr. T. that he would not be required to appear. Mr. Cornwell also stated that, due to the inclement weather, his client was unable to travel to Oswego from Syracuse for the appearance that morning.* Under the terms of the order, respondent was found chargeable with support of the subject child, and ordered to pay the sum of $61.89 per week, effective January 20, 2007, and pay an additional sum of $20 toward the arrears, fixed in the amount of $6,999.13, retroactive to the time when the public assistance case was opened.
Thereafter, on March 23, 2007, respondent filed a notice of motion to vacate the latter default order. The application was supported by an affidavit wherein respondent alleged that he had a reasonable excuse for his nonappearance, and a meritorious defense to the support claim. Mr. Sugar reviewed said motion, on March 26, 2007, in chambers, and summarily denied same upon his finding that respondent failed and refused to furnish proof of his income and a completed financial disclosure affidavit as required by law and, therefore, the moving papers “fail to show that the outcome might have been different had he appeared (at the hearing).” An order denying said motion was entered on March 26, 2007. These objections follow therefrom.
As a general rule, the findings of a Support Magistrate “should not be rejected unless [they are] contrary to the weight of the credible evidence or in error as a matter of law” (see Matter of Weiner v Weiner, 97 Misc 2d 920, 923 [Fam Ct, Monroe County 1979]). The greatest deference should be given to the factual findings of a Support Magistrate who is in the best posi *971 tion to assess the credibility of the witnesses and the evidence proffered (see Matter of Niagara County Dept. of Social Servs. v Randy M., 206 AD2d 878 [4th Dept 1994]; Matter of McCarthy v Braiman, 125 AD2d 572 [2d Dept 1986]).
In the objection, Mr. T. argues that it was error to deny his motion to vacate his default in appearance and hold a hearing in his absence. There are no facts in dispute with regard to the events which led up to the hearing in this case, and the subsequent motion. Notwithstanding, Mr. T. provided transcripts of the appearances on December 12, 2006, as well as February 14, 2007. Mr. T. argues that it was an abuse of discretion for the Support Magistrate to issue the underlying order of support, and later the order denying his motion to vacate, when Mr. Sugar knew that Ms. F. may have, in his words, committed “fraud” (exhibit D, transcript at 5-6) in relation to her application for the public assistance benefits. Mr. T. alleges that it was error to summarily deny his motion to vacate without giving him an opportunity to be heard. He further alleges that it was error to deny his motion for an alleged failure to comply with financial disclosure requirements because the record demonstrates that he in fact provided all information to Mr. Sugar during the appearance on December 12th. Respondent requests that the court grant the objections, and either dismiss the Department’s support petition or, in the alternative, schedule a new hearing.
In the rebuttal, the Department alleges that the Support Magistrate properly denied respondent’s motion to vacate his default. While the Department acknowledges respondent’s contention that the subject child was in his physical custody and care, the Department nevertheless provided cash benefits in the amount of $6,999.13 to C.F., over the past few years, based upon her representation that the child has been in her care at least five or more days each week, and that she transports the child to school in Onondaga County on a daily basis. Ms. Wolfe asks the court to affirm the Support Magistrate’s order and determination on the motion.
In regard to whether it was error to deny respondent’s motion to vacate where he failed to appear for the hearing on February 14th, the court finds that Mr. Sugar erred as a matter of law and otherwise abused his discretion in denying the subject motion. Mr. T. followed the appropriate procedure to challenge a default order, namely, the filing of a motion before the Support Magistrate under rule 5015 of the Civil Practice Law and Rules *972 (see Matter of Menaldino v Johnson, 162 AD2d 758 [3d Dept 1990]). Such motion was properly supported by an affidavit from respondent. Mr. Sugar found that respondent failed to submit financial disclosure and did not show that the outcome would have been different had he appeared. Mr. Sugar held respondent to an erroneous standard of law in reviewing the subject motion. Notwithstanding, the court will examine the record to determine whether respondent’s motion was otherwise properly considered.
Where a party defaults in an appearance which results in a judgment or order against them, in order to state a claim for relief from the default order, the said party must demonstrate both a reasonable excuse for the nonappearance, as well as a meritorious defense or claim. There is no question that respondent has a reasonable excuse for his default, particularly given the fact that his counsel had to withdraw on the eve of the hearing, and had specifically advised respondent that his appearance was not required since an adjournment was requested to allow him to retain alternate counsel. Furthermore, it is not unreasonable to assume that parties would be unable to keep a scheduled court appearance on account of the poor weather conditions, especially when the conditions are so poor as to prompt countywide travel advisories, as well as a state of emergency, not only in Oswego County, but the entire central New York region. Based upon the information set forth in respondent’s affidavit, the court finds that there are ample facts to establish that respondent possesses a reasonable excuse for his failure to appear for the hearing on February 14th.
The court also finds that Mr. T.’s motion papers amply demonstrate that he has a meritorious defense to the support claim. Mr. Sugar had conflicting information before him about whether the subject child resided with Ms. F. or Mr. T. He himself recognized that the public assistance benefits may have been illegally obtained if, in fact, the subject child was not in Ms. F.’s care. If those circumstances prove to be true, then respondent would not be liable to the Department for the public assistance expenditures. Respondent’s alleged failure to provide financial information does not alter the fact that he has a meritorious defense to the Department’s support claim. Given the questions of fact presented in the respondent’s moving papers, a hearing was required to resolve the issues. Therefore, the court finds that Mr. Sugar erred as a matter of law, and otherwise abused his discretion in denying the subject motion and, consequently, the objection must be granted.
*973 The court would also note that it would have been perhaps unnecessary for respondent to file a motion in this case had Support Magistrate Sugar granted the original adjournment request of counsel. The right to counsel is a fundamental right of all parties in proceedings before the Family Court. Mr. Sugar was aware that respondent had retained counsel to represent him, and that his attorney had to withdraw from the representation due to a conflict of interest. The court finds that the summary denial of Mr. Cornwell’s adjournment request, albeit five days prior to the hearing, was an improvident exercise of discretion. It would have been prudent and reasonable to grant the adjournment request to allow Mr. T. sufficient time to obtain alternate counsel to assist him. Based upon these circumstances, the court finds that Mr. T. was effectively denied assistance of counsel in these proceedings and, had the court not found in Mr. T.’s favor on the motion, would have otherwise granted these objections upon the latter basis.
In light of the substantive errors committed by Support Magistrate Sugar in these proceedings, the court restates that these objections are hereby granted based upon the foregoing reasons. The underlying order on motion, and the default order of support, are hereby vacated. The subject support petition, filed November 9, 2006, is hereby remitted for a hearing before a different Support Magistrate.
Accordingly, and for the reasons set forth herein, it is hereby ordered that the objection is hereby granted; and it is further ordered that the order of support, entered February 20, 2007, is hereby vacated; and it is further ordered that the order on motion, entered March 26, 2007, is hereby vacated; and it is further ordered that these proceedings are hereby remanded for a hearing in accordance herewith before a different Support Magistrate.

 A “State of Emergency” was in effect for several days in February, including the day of the hearing, which included numerous travel advisories due to heavy lake effect snow. These emergency declarations were in effect on February 14th.