Matter of V.C. v J.S. (2007 NY Slip Op 51365(U))

[*1]

Matter of V.C. v J.S.

2007 NY Slip Op 51365(U) [16 Misc 3d 1110(A)]

Decided on July 6, 2007

Family Court, Oswego County

Roman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 6, 2007

Family Court, Oswego County
In the Matter of a Proceeding for Support under Article 5 of the Family Court Act V.C., Petitioner,
against
J.S., Respondent.
F-00634-98/06F

David J. Roman, J.
On April 16, 2007, Respondent, by and through his attorney, Michael T. Snyder, Esq., filed specific written Objections to the Order of Support Hearing Magistrate Samuel J. Sugar, entered on March 13, 2007. Thereafter, on April 27, 2007, the Court received a Rebuttal from Petitioner's attorney, Anthony J. DiMartino, Jr., Esq. Mr. Snyder submitted a letter reply thereto, dated May 2, 2007, as well as a further reply by subsequent letter, dated May 8, 2007. Mr. DiMartino submitted a response to the latter replies, dated May 10, 2007.
These proceedings involve the issuance of a proposed Cost of Living Adjustment [hereinafter "COLA"] order by the Oswego County Child Support Unit, on or about August 19, 2006. A copy of said order was received by the Court on September 7, 2006. The terms of the proposed order provided that Respondent would pay an additional $25.00, or $75.00 per week. Respondent submitted written Objections to the said order. Said COLA Objection was originally dismissed by Support Magistrate Sugar as untimely. Respondent appealed that determination by filing written Objections, and this Court granted same by Decision and Order, entered December 19, 2006. The Court remanded the issue of whether there should be an adjustment of the existing support order for a hearing before the Support Magistrate, and continued the COLA order as a temporary order of the Court.
Thereafter, Ms. C. filed a modification petition, on February 9, 2007, under docket number F-00634-98/06G, seeking a modification of support for child care reimbursement, health care reimbursement and other expenses associated with the child's care.
On February 26, 2007, a hearing was held in these proceedings. Both parties appeared and represented themselves. Based upon the proof and testimony from parties, Mr. Sugar [*2]granted the petition and entered an order on March 13, 2007 [FN1]. Under the terms of the latter order, Respondent was directed to pay current care support in the amount of $117.00 per week, plus the additional sum of $20.00 per week toward arrears. Mr. Snyder is challenging the latter determinations on Respondent's behalf.
In this Objection, Respondent's attorney raises several issues. He argues that the Support Magistrate erred in granting an upward modification of support because Petitioner did not meet her burden of proof to establish a sufficient change of circumstances. He alleges that the proof does not demonstrate that the child's needs are not being met. He also contends that Mr. Sugar erred in the support calculations because he incorrectly determined Respondent's income. He also maintains that Mr. Sugar should have made adjustments to Respondent's income to reflect a reduction in his overtime wages, and considered other adverse financial circumstances which would have reduced his obligation in accordance with his present means and ability to pay such child support. Respondent also objects to the requirement that he reimburse Petitioner for 50% of the child's uncovered counseling expenses.
In his Rebuttal, Mr. DiMartino maintains that Petitioner met her burden of proof, and that Respondent did not preserve certain claims for appellate review because he failed to introduce any documentary evidence in the hearing, namely, the information about a reduction in available overtime wages, and the costs associated with his health insurance plan. Mr. DiMartino does concede, however, that there was an error in regard to the support calculations. He states that Respondent's basic child support obligation should only be $110.50 per week, plus $1.41 for health insurance costs and $20.00 for arrears, instead of $115.59, plus the latter add-ons. Therefore, other than a modification of Respondent's basic child support obligation to reflect the correct amount, Mr. DiMartino alleges that the Objections should otherwise be denied inasmuch as they are without merit.
The Court has examined the record of these proceedings which consisted of the testimony of the parties and their respective financial disclosure information. Neither party called any additional witnesses, nor sought to have any documents marked for identification or admission into the record. As a general rule, the Support Magistrate's Findings of Fact " should not be rejected unless they are contrary to the weight of the credible evidence or in error as a matter of law" (see Matter of Weiner v. Weiner, 97 Misc 2d 920 (Monroe Co. Family Ct. 1979)). The greatest deference should be given to the factual findings of a support magistrate who is in the best position to assess the credibility of the witnesses and the evidence proffered (see Matter of Niagara County DSS v. Randy M., 206 AD2d 878 (4th Dept. 1994); Matter of McCarthy v. Braiman, 125 AD2d 572 (2nd Dept. 1986)).
The facts of this case are set forth in detail by the Support Magistrate in his order, and [*3]other than an alleged error in calculating Respondent's 2006 income, the Findings of Fact are not otherwise in dispute in this Objection. The prior support order, dated December 4, 1998, obligated Respondent to pay $62.50 per week. Under the proposed COLA order, Respondent's weekly child support obligation would have increased to $75.00 per week. The issues presented in this Objection are whether Support Magistrate Sugar erred in issuing a new support order granting an increase, and whether there was an error in calculating Respondent's income for purposes of establishing the parties' combined parental income and basic child support obligations under the Child Support Standards Act (hereinafter "CSSA"). The final question is whether the Support Magistrate should have deviated from the presumptively correct child support based upon Respondent's financial circumstances and/or any hardships.
The first issue in the Objection is whether Mr. Sugar erred in granting an upward modification of support upon the ground that Petitioner did not meet her burden of proof to establish a sufficient change of circumstances. The Court finds that the legal analysis utilized by the Support Magistrate to reach his final determination was flawed because he relied upon an erroneous standard of law. However, such error was harmless in this particular instance for reasons which the Court will elaborate upon below.
These proceedings were most recently before the Support Magistrate because this Court determined that Mr. S. had perfected a COLA objection to challenge the issuance of a proposed adjusted support order. The review process for a COLA order is governed by Section 413-a of the Family Court Act. Under the latter statute, a hearing is mandatory upon the filing of a timely objection [FN2]. Upon a review of a COLA order, the Support Magistrate is authorized to not only determine whether to issue an adjusted order, but to make any such support order in accordance with the CSSA guidelines (see Matter of Tompkins County Support Collection Unit v. Chamberlin, 99 NY2d 328, 335 2003). The statute also provides, in pertinent part, that "[a]ny order of support made by the Court under this section shall occur without the requirement for proof or showing of a change of circumstances" (see Section 413-a (3)( c) of the Family Court Act. Therefore, once Mr. S. filed a COLA objection, Ms. C. was not required to demonstrate a change of circumstance or otherwise show that an increase is required to meet the needs of the children (see id.). Consequently, despite an error of law on Mr. Sugar's part, the Objection must be denied because the error is harmless as applied to the circumstances presented herein.
The Court will now turn its attention to the second point in Respondent's Objection, to wit: that Mr. Sugar erred in the support calculations because he incorrectly determined Respondent's income. Petitioner's attorney concedes in the Rebuttal that there was an error in the mathematical calculations. Based upon a review of the record, the Court finds that the Support Magistrate's determinations, with respect to the parties' annual basic child support obligation is incorrect under the CSSA, codified in § 413 of the Family Court Act. Support Magistrate Sugar [*4]determined the parties annual support in the amount of "$11,559.00" when in fact it should only be $11,049.00. The Court shall amend the order of support based upon the following calculations:
Petitioner's annual CSSA income is not in dispute and equals $31,343.00. Respondent's annual income as shown on his 2006 W-2 statement is $39,955.24, less FICA in the amount of $3,056.58 [FN3] results in a preliminary CSSA income for Respondent in the amount of $36,898.66. Subtracting his pre-existing child support obligation in the amount of $62.50 per week or $3,250.00 annually (see Family Court Act, § 413 (1)(b)(5)(vii)(D)), yields a total income for CSSA purposes of $33,649.00. Therefore, the parties combined parental income is $64,992.00, and 17% thereof would be $11,049.00. Respondent's pro-rata share is 52% which results in annual support obligation of $5,745.48, or $110.49 per week. Therefore, as illustrated by the foregoing, Mr. Sugar erred in his mathematical calculations. Consequently, the second Objection is hereby granted.
In the final points raised in the Objection, Mr. Snyder alleges that Support Magistrate Sugar should have reduced Respondent's income because overtime was eliminated at his company. He also alleges that Mr. Sugar should have considered other adverse circumstances which diminish his present means and ability to pay the presumptive child support under the CSSA, and that he should not be responsible to pay for counseling sessions because it is not a reasonable and necessary expense. The Court has considered these remaining points and finds them to be without merit. Mr. S. failed to introduce any documentary evidence or present any testimony about his overtime earnings, or offer any credible evidence to justify a deviation from the presumptively correct child support under Section 413(1)(f). Contrary to Mr. Snyder's contention, other than the financial affidavits which are considered part of the official record, other papers and documents are not automatically part of the record unless a party follows the appropriate procedure to have such items marked as evidence and seeks their admission into the record during the hearing. Mr. S. did not do so, and therefore, such information cannot be considered on this appeal since the documents or other evidence were not proffered by Respondent. Furthermore, Respondent previously litigated the issue of whether the counseling expenses were reasonable, and such issue may not now be retried. Consequently, the Court hereby denies Respondent's remaining points in this Objection.
Accordingly, and for the reasons set forth herein, it is hereby,
ORDERED, that the Objections are hereby GRANTED, in part, such that the second decretal paragraph, set forth on page 4 of 6 in the Order of Support, entered on March 13, 2007, is hereby modified and replaced as follows:
"ORDERED that the presumptively correct amount of support payable by the Respondent [*5]is $110.49per week plus $1.41 per week towards Petitioner's health and dental insurance premium for a combined weekly obligation amount of $111.90 per week.; and it is further"
and it is further
ORDERED that Respondent's remaining Objections are hereby DENIED; and it is further
ORDERED that the terms of the Order of Support, entered on March 13, 2007, which are not otherwise modified by this Decision and Order, are hereby continued in all other respects.
ENTER:
July 6, 2007
at Oswego, New York
______________________________
Hon. David J. Roman
Judge of the Family Court
NOTICE:

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL MUST BE TAKEN WITHIN THIRTY DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, THIRTY-FIVE DAYS FROM THE MAILING OF THE ORDER TO THE APPELLANT BY THE CLERK OF THE COURT, OR THIRTY DAYS AFTER SERVICE BY A PARTY OR LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
A RECIPIENT OF FAMILY ASSISTANCE SHALL HAVE THE CHILD SUPPORT ORDER REVIEWED AND ADJUSTED AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER SUCH ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED WITHOUT FURTHER APPLICATION OF ANY PARTY. ALL PARTIES WILL RECEIVE NOTICE OF ADJUSTMENT FINDINGS.
AN ORDER OF CHILD SUPPORT SHALL BE ADJUSTED BY THE APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT NO EARLIER THAN TWENTY-FOUR MONTHS AFTER THIS ORDER IS ISSUED, LAST MODIFIED OR LAST ADJUSTED, UPON THE REQUEST OF ANY PARTY TO THE ORDER OR PURSUANT TO PARAGRAPH ( 2) BELOW. UPON APPLICATION OF A COST OF LIVING ADJUSTMENT AT THE DIRECTION OF THE SUPPORT COLLECTION UNIT, AN ADJUSTED ORDER SHALL BE SENT TO THE PARTIES WHO, IF THEY OBJECT TO THE COST OF [*6]LIVING ADJUSTMENT, SHALL HAVE THIRTY-FIVE (35) DAYS FROM THE DATE OF MAILING TO SUBMIT A WRITTEN OBJECTION TO THE COURT INDICATED ON SUCH ADJUSTED ORDER. UPON RECEIPT OF SUCH WRITTEN OBJECTION, THE COURT SHALL SCHEDULE A HEARING AT WHICH THE PARTIES MAY BE PRESENT TO OFFER EVIDENCE WHICH THE COURT WILL CONSIDER IN ADJUSTING THE CHILD SUPPORT ORDER IN ACCORDANCE WITH THE CHILD SUPPORT STANDARDS ACT.
WHERE ANY PARTY FAILS TO PROVIDE, AND UPDATE UPON ANY CHANGE, THE SUPPORT COLLECTION UNIT WITH A CURRENT ADDRESS TO WHICH AN ADJUSTED ORDER CAN BE SENT, AS REQUIRED BY SECTION 443 OF THE FAMILY COURT ACT, THE SUPPORT OBLIGATION AMOUNT CONTAINED THEREIN SHALL BECOME DUE AND OWING ON THE DATE THE FIRST PAYMENT IS DUE UNDER THE TERMS OF THE ORDER OF SUPPORT WHICH WAS REVIEWED AND ADJUSTED OCCURRING ON OR AFTER THE EFFECTIVE DATE OF THE ORDER, REGARDLESS OF WHETHER OR NOT THE PARTY HAS RECEIVED A COPY OF THE ADJUSTED ORDER. Footnotes

Footnote 1:Mr. Sugar also dismissed Ms. C.'s modification petition, filed on February 9, 2007, as moot by reason that his determinations on the other docket already addressed the issues. The dismissal of the latter petition is not under review on this appeal.

Footnote 2:The statute mandates that such hearing be conducted within 45 days of the original objection. Mr. Sugar disregarded the mandates of the Family Court Act, as well as this Court's scheduling directive.

Footnote 3: The percentage for the Federal Insurance Contributions Act "FICA" is currently 7.65%. The Objections erroneously sets forth calculations using a FICA deduction of $3,096.35 or 7.75%